Informal Opinion Mahlon R. Perkins, Esq. Town Attorney Town of Dryden P.O. Box 27 Dryden, New York 13053
Dear Mr. Perkins:
You have asked whether a town may amend section 2021(1) of the Uniform Justice Court Act to provide that where a town court adjudicates violations of village laws, and the village does not have its own justice court, a portion of every fine collected by the town court on behalf of the village would become the property of the town.
Under section 2021(2),
 all fines imposed for the violation of a village local law, ordinance or regulation, unless otherwise provided by law, shall be the property of such village, whether or not the village has established the office of village justice.
This provision was added by Chapter 460 of the Laws of 1991. The legislation was submitted at the request of the State Comptroller who indicated that it was intended to clarify and confirm existing practices relating to the disposition of fines, penalties and forfeitures which are received by town and village justice courts under provisions of the State Finance Law, Town Law, Village Law and Uniform Justice Court Act. Bill Jacket, L 1991 Ch 460, July 17, 1991 Report to the Governor on Legislation from the Counsel to Comptroller.
Your concern is that the town incurs additional expense when its justice court adjudicates violations of village local laws.[1] Therefore, you inquire whether Municipal Home Rule Law § 10(1)(ii)(d)(3) authorizes the town to amend section 2021(1) of the Uniform Justice Court Act to permit the town to retain a portion of fines collected by the town justice court for violations of village laws.
The Municipal Home Rule Law provision does not provide authority for your proposal. It only authorizes the amendment or supersession of provisions of the Town Law relating to subjects falling within the scope of a town's home rule authority. The supersession power may not, therefore, be utilized to amend the above provision of the Uniform Justice Court Act.
In the absence of applicable supersession authority, local laws are required to be consistent with general State laws. Municipal Home Rule Law § 10. Also, local laws may not supersede a State statute which applies to or affects the courts. Id., § 11(1)(e).
We thus conclude that a town is not authorized to amend or supersede a provision of the Uniform Justice Court Act providing for distribution of fines collected by the town justice court.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions
[1] We note that the expenses of a town justice court are paid by town taxpayers including taxpayers residing in a village in the town.